FLOWER et al. v. STATE.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

STATES (§ 184*)—CLAIMS—COURT OF CLAIMS—JURISDICTION—REFUND OF STAMP TAX.

Tax Law (Consol. Laws, c. 60) § 270, provides that, on proof of mistake in affixing and canceling the stamps for the tax on stock sales imposed by the section, the comptroller may refund the amount from appropriations made for necessary expenses under the article in which the section appears. Section 274 requires all expenses incurred by the comptroller in carrying out the provisions of the article shall be paid him by the treasurer out of any money appropriated for the purpose. Held, that a claim for stamps affixed and canceled under an invalid amendment to section 270, prior to the time when the invalidity was established, must be presented to the comptroller to be audited and certified, though there was no existing appropriation applicable thereto, and was not within the jurisdiction of the Court of Claims, under Code Civ. Proc. § 264, defining such jurisdiction, and providing that the court shall not have jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination, unless the claim is founded on an express contract and has been rejected.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

Appeal from Court of Claims.

Action by Frederick S. Flower and others against the State of New York to recover the value of certain revenue stamps. From a judgment of the Court of Claims (65 Misc. Rep. 145, 121 N. Y. Supp. 96) dismissing the claim for want of jurisdiction, plaintiffs appeal. Affirmed.

This is an appeal by the plaintiffs from a judgment of the Court of Claims, February 7, 1910, dismissing their claim, filed February 25, 1909, for want of jurisdiction.

Section 315 of chapter 241, Laws of 1905, imposed a tax of two cents on each $100 of face value or fraction thereof of stock sold. Chapter 414 of the Laws of 1906 amended that statute by basing the tax on each share of $100 of face value or fraction thereof, the amendment to take effect May 11, 1906. The Court of Appeals, in People ex rel. Farrington v. Mensching, 187 N. Y. 8, 79 N. E. 884, 10 L. R. A. (N. S.) 625, January 8, 1907, declared the taxing clause of the amendatory statute unconstitutional. From the time of the passage of the amended law until the decision of the Court of Appeals, the plaintiffs, as stockholders, canceled a stamp of two cents for each share of stock, regardless of the face or par value thereof, and in this action seek to recover the excess of tax so paid. On February 26, 1907, their attorney went to the comptroller's office to present their claim to the comptroller, pursuant to the

provisions of the 1906 law, now section 270 of the tax law (Consol. Laws 1909, c. 60), which gave to that officer the power, upon satisfactory proof that stamps had been erroneously fixed and canceled to the loss of an innocent person, to refund the amount thereof from appropriations made for necessary expenses under the article in which the provision occurred, and the attorney was shown an opinion of the Attorney General advising the comptroller that he had no power in such cases. The attorney told the deputy comptroller that plaintiffs had a claim of about $3,800. The deputy said it was not necessary to go into it further, as the comptroller had no power and there were no funds. The claim was not formally presented. Thereupon the plaintiffs brought this action.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Louis S. Phillips (William F. Unger, of counsel), for appellants.

The Attorney General (Wilbur W. Chambers, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiffs purchased the stamps in the ordinary course of business from the comptroller, and attached them on the sale of stock according to their understanding of the law, and according to the strict letter of the law, if the amendatory statute of 1906 had been within the constitutional power of the Legislature. But the taxing clause of that statute was unconstitutional, and therefore the claimants in relying upon it had erroneously fixed and canceled stamps to the amount claimed. They acted in entire good faith, and within the spirit of the statute are entitled to have the amount of said tax refunded.

The comptroller sells the stamps, and by the provisions of the then statutes, similar to section 279 of the present tax law, paid the proceeds into the State Treasury, where they are applicable to the general fund "and to the payment of all claims and demands which are a lawful charge thereon."

By section 319 of the tax law, now section 274, the comptroller is directed to make contracts for dies, plates, printing, and for the manufacture of the stamps, and provide stationery and clerk hire, books and blanks for putting in operation the provisions of the statute, and all expenses so incurred by him are to be paid to him by the State Treasurer from any moneys appropriated for such purpose. By section 315 of the tax law as amended in 1906, the refund therein provided is to be paid from appropriations made for such expenses. It is evident, therefore, that it is clearly the duty of the comptroller to pass upon the plaintiff's claim, ascertain and determine the amount thereof, and certify to the same in proper manner, so that it may be paid from any funds properly applicable to that purpose. We must assume that, if the Legislature has not appropriated sufficient funds for that purpose, it will perform such duty upon proper statement of the comptroller that certain sums were due to claimants which could only be payable under the statute from such appropriations. The claim was never in fact presented to the comptroller or rejected by him and the appellants are at liberty to take such action before him as they may be advised.

128 N.Y.S.—14

It is clear that, if the statute required this claim to be submitted to the comptroller for determination, it is not a claim within the jurisdiction of the Court of Claims. Section 264 of the Code of Civil Procedure, conferring jurisdiction upon that court, provides:

"But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination, except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer."

It is manifest that this claim does not rest upon express contract. It may be considered as a claim arising from the terms of the statute which imposes the tax, and provides a remedy by which an innocent person erroneously paying too much may properly be reimbursed. I think, therefore, the Court of Claims had no jurisdiction, and that the comptroller alone can grant relief.

The judgment should be affirmed, with costs. All concur; SMITH, P. J., in result, on the ground that the Court of Claims had no jurisdiction.